## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



FILED

Jul 08 2020, 8:23 am

CLERK
Indiana Supreme Court
Court of Appeals
and Tax Court

ATTORNEY FOR APPELLANTS

James R. Recker
Indianapolis, Indiana

ATTORNEY FOR APPELLEE

Stephen R. Donham
Thrasher Buschmann & Voelkel, P.C.
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | |
|---|---|
| Michael L. Farris, and Carol J. Farris, *Appellants-Defendants*, v. Thrasher Buschmann & Voelkel, P.C., *Appellee-Plaintiff*. | July 8, 2020 Court of Appeals Case No. 19A-CC-2689 Appeal from the Putnam Circuit Court The Honorable Matthew L. Headley, Judge Trial Court Cause No. 67C01-1609-CC-229 |

**Brown, Judge.**

[1] Michael L. Farris and Carol J. Farris (the "Farrises") appeal the trial court's denial of their motion to correct error regarding the court's partial denial of their motion for relief from judgment. We affirm.

## *Facts and Procedural History*

[2] On September 2, 2016, Thrasher Buschmann & Voelkel P.C. ("Thrasher") filed a complaint against the Farrises under cause number 67C01-1609-CC-229 ("Cause No. 229").[1] On August 17, 2018, the court held a bench trial. On September 26, 2018, the court entered an order stating:

> That Defendants engaged Attorney Mark Rutherford on behalf of their son Jeremy Farris sometime in April 2005. Jeremy Farris was facing charges in cause 67C01-0411-FA-00120. His trial did not begin until August 23, 2005. Although his engagement was prior to the trial or the subsequent conviction, testimony indicated it was principally to pursue post-conviction relief. Mr. Rutherford did not pursue the direct appeal after Jeremy Farris's conviction, which was conducted by the State Public Defender office, nor the appeal to the Indiana Supreme Court. During the pendency of his representation, Mr. Rutherford joined another firm, Plaintiff in this action, and apparently brought his account receivable with him.[2] Plaintiffs now seek a balance of $113,122.95 plus interest. (Plaintiff[']s exhibit B). The Court notes that no executed agreement as to any aspect of representation exi[s]ts, either from Mr. Rutherford or Plaintiff. (Plaintiff's exhibit A).

---

[1] The record does not contain a copy of the complaint.

[2] The trial court's order includes a footnote here which states: "The affidavit of Debt submitted with Plaintiff's complaint states in paragraph 6 that Plaintiff was the original [sic] of the debt. The evidence submitted by Plaintiff is in conflict with that assertion." Appellants' Appendix Volume II at 8.

Plaintiff's Exhibit B dated 01/31/2009 begins with an unexplained beginning balance of $66,183.94. Plaintiff was unable to demonstrate how that balance was derived and it differs significantly from prior bills submitted (Defendants' exhibits 2,3,4). In addition, there are questionable charges for travel and "review records" performed on Christmas Day, 2008. And, an admittedly erroneous charge for work performed for another client. (Defendants['] Exhibit 4,8). Moreover, the bills submitted over the years contain significant charges entitled simply "review" or "work on matter" without any specification of the actual work performed. Those charges total[] $51,237.00 (Defendants['] Exhibit 5).

Defendants submitted evidence of payments to Mr. Rutherford totaling $36,444.00.

Accordingly, the Court finds that there are deficiencies in Plaintiff's billing statement to the exten[t] that they are unreliable. For instance, at the December, 2007 billing, Plaintiff's bill shows that Defendant's balance is 0.00 (see Defendant Exhibit 2)[.] Yet, at the beginning of the billing with the Rutherford's new firm, as of January 31, 2009, the balance had skyrocketed to $66,183.94 (see Plaintiff's Exhibit B). There are no records as to what work Rutherford/new firm did in 2008. There are no supporting documentation of efforts to get paid for 2008. The only entry is for 1.0 hour at $26,237.00 and another 1.0 hour for $35,427.22. It is Plaintiff's burden to prove that he did such work and that just wasn't shown here.

The billings from 2009-current are what appear to be a more closely calculated and explained billing system. Defendant paid several payments throughout this time.

As such, Court concludes that the total judgment is:

$113,122.95 (final bill)
-$66,183.94 (first page of exhibit B)
-$4,526.09   (first page of exhibit B)
$46,412.92

> Judgment for Plaintiff and against Defendants for sum of
> $46,412.92.

Appellants' Appendix Volume II at 8-9.

[3] On October 25, 2018, the Farrises filed a notice of appeal of the court's September 26, 2018 order in Cause No. 229 under appellate cause number 18A-CC-2578 ("Cause No. 2578"). On December 21, 2018, the Farrises filed a Verified Motion to Compel Transmission of Exhibits. On January 4, 2019, this Court entered an order denying the Farrises' motion and ordering that their brief be filed within thirty days. On February 20, 2019, the Farrises filed a Verified Motion to File Belated Brief. On February 23, 2019, Thrasher filed a motion to dismiss appeal with prejudice pursuant to Ind. Appellate Rule 36(B) and asserted that the Farrises had not filed a brief by the thirty-day deadline mentioned in the January 4, 2019 order.

[4] On March 1, 2019, this Court entered an order holding Thrasher's motion to dismiss in abeyance, granting in part the Farrises' verified motion to file a brief, and ordering: "No later than seven (7) days from the date of this order, Appellants shall file a defect-free Appellant[s'] brief and appendix with the Clerk of this Court, as a final extension. Failure to timely comply with this Court's order shall result in automatic dismissal of this appeal." March 1, 2019 Order at 1.

On March 8, 2019, the Farrises tendered a brief and appendices.[3] On March 27, 2019, this Court entered an order stating that "[o]n March 8, 2019, [the Farrises] tendered an Appellants' Brief and Appendix, but neither document has been filed because both documents were deemed defective." March 27, 2019 Order at 1. The Court granted Thrasher's motion to dismiss and ordered the "appeal is dismissed with prejudice." *Id.*

On August 8, 2019, the Farrises filed a Motion for Relief from Order pursuant to Ind. Trial Rule 60 in Cause No. 229.[4] The Farrises argued:

> 3. That the order appears to contain an error in the computation of the judgment which states as follows:
>
> $113,122.95  (final bill)
> -$66,183.94  (first page of exhibit B)
> -$4,526.09    (first page of exhibit B)
>
> 4. Those sums should foot [sic] to $42,412.92, a difference of $4,000.00 and that difference is in favor of [Thrasher];
>
> 5. That the Court found, predicated on Defendants['] exhibit, that they paid Plaintiff $36,444.00. However, Plaintiff's own exhibits A & B show payments in excess of that amount;

---

[3] The Farrises' brief argued: "It was an abuse of discretion for the trial court to award a judgment in favor of Plaintiff for attorney fees where the trial court found substantial errors in the accounting for attorney fees presented by Plaintiff and where there was not a signed contract between Plaintiff and Defendants and the action by Plaintiff was not timely brought pursuant to Ind. Code § 34-11-2-7 and the fees were not reasonable." Appellants' Brief Received on March 8, 2019 in Cause No. 2578 at 6.

[4] The Farrises' motion did not specify any subsection of Ind. Trial Rule 60. Neither party cites nor discusses Ind. Trial Rule 60 on appeal.

6. Counsel did not discover the error within 30 days after entry of the judgment which precluded the filing of a Motion to Correct Errors under *Trial Rule 59*;

7. The matter was appealed and counsel had still not discovered the error until after the Notice of Completion of Clerk's Record which required leave of the Court of Appeals for a *Rule 60* motion;

8. The appeal has been dismissed and the trial court has jurisdiction;

Appellants' Appendix Volume II at 11-12.

[7] On September 7, 2019, Thrasher filed a Response to Motion for Relief from Order and asserted in part: "[Thrasher] does not dispute the mathematical issues raised by [the Farrises]. The correct calculation of the judgment amount based on the Court's findings does indeed appear to have been $42,412.92 rather than $46,412.92." *Id.* at 14. Thrasher also requested the court to deny the Farrises' motion "and, in the alternative, should said motion be granted, that the only relief given would be to correct the mathematical errors contained within the Order . . . ." *Id.* at 15.

[8] On September 10, 2019, the court entered a Corrected Order of Judgment which awarded judgment for Thrasher in the amount of $42,412.92. On October 9, 2019, the Farrises filed a Motion to Correct Errors alleging that "the Corrected Order of Judgment did not address the additional issue raised in [their] *Rule 60 Motion* that the Court found that they paid [Thrasher] $36,444.00, reaching that amount where [Thrasher's] own exhibits A & B [herein attached]

show payments in excess of that amount totaling $38,675.00, an erroneous difference of $2,221.00 in favor of [Thrasher]." *Id.* at 16-17. On October 18, 2019, the court denied the Farrises' motion to correct errors.

## *Discussion*

[9] The entirety of the Farrises' argument section of their appellate brief follows:

> The reasonableness of attorney fees is a matter for the sound discretion of the trial court and are changed on appeal only when there is a clear abuse of discretion. *Page v. Schrenker*, 439 N.E.[]2D 694 (Ind. Ct. App. 1982).
>
> In this case, although Defendants did not have complete records of the total amount they paid Plaintiff, Plaintiff's own exhibits A&B showed additional amounts received for which Defendants should have been given credit.

Appellants' Brief at 7.

[10] Thrasher contends that the Farrises' argument is foreclosed by the dismissal of Cause No. 2578 with prejudice, the Farrises' fail to present a cogent argument, and the Farrises' request to reweigh evidence should be denied.

[11] While the Farrises mention "Plaintiff's own exhibits A&B," they do not cite to the record.[5] Appellants' Brief at 7. We note that the Farrises' October 9, 2019

---

[5] Ind. Appellate Rule 46(A)(8) provides that the argument of an appellant's brief "must contain the contentions of the appellant on the issues presented, supported by cogent reasoning," and that "[e]ach contention must be supported by citations to the authorities, statutes, and the Appendix or parts of the Record on Appeal relied on, in accordance with Rule 22." Ind. Appellate Rule 22(C) governs references to the record on appeal and provides that "[a]ny factual statement shall be supported by a citation to the volume

motion to correct errors also referenced "Plaintiff's own exhibits A & B" and an attached spreadsheet consisting of a single page with the label "Farris" at the top includes: a range of "Date" and "Amt" line items labeled "Exhibit A" and a "Total" cell which calculates the sum of the corresponding amounts as $5,000; and a second range of line items labeled "Exhibit B" and a "Total" cell which calculates a sum of $33,675. Appellants' Appendix Volume II at 16-18. The spreadsheet does not contain any other information, and the Farrises do not explain how these amounts were derived. In addition to the "Exhibit A" and "Exhibit B" attached to the Farrises' motion to correct errors, the record also includes an exhibits volume from Cause No. 2578, which contains an engagement of services letter as Plaintiff's Exhibit A and various billing records consisting of eighty-seven pages as Plaintiff's Exhibit B. The Farrises do not cite to these exhibits from Cause No. 2578 and do not cite to any specific pages from these exhibits. Even assuming that the Farrises could have raised such an argument on appeal in this case, we cannot say that they develop a cogent argument with respect to credit they assert they should have received.

[12] For the foregoing reasons, we affirm the trial court's order.[6]

[13] Affirmed.

Najam, J., and Kirsch, J., concur.

---

and page where it appears in an Appendix, and if not contained in an Appendix, to the volume and page it appears in the Transcript or exhibits, e.g., Appellant's App. Vol. II p.5; Tr. Vol. I, pp. 231-32."

[6] Thrasher does not assert that the trial court improperly reduced its award to $42,412.92.